IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

QUINCY M. NERI,

                                                          ORDER

                 Plaintiff,

                                          11-cv-429-slc[1]

      v.

MELINDA MONROE, STEVE LARSON,
ARCHITECTURAL BUILDING ARTS, INC.,
LESLEY SAGER, LINDA HUGHES,
FRITZ SCHOMBURG, AMY RADSPINNER,
ERIC FERGUSON and
BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Since June 15, 2011, pro se plaintiff Quincy M. Neri has filed a complaint and four proposed amended complaints. Dkt. ##1, 4-7. Because no complaint has been served on any of the defendants, I would be inclined to accept the most recently filed complaint as the operative pleading in the case. The problem is that each new complaint seems to be a supplement to the complaint that preceded it rather than a stand-alone pleading.

       Once a plaintiff files an amended complaint, it "supersedes an original complaint and

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

renders the original complaint void." Flannery v. Recording Industry Association of America, 354 F.3d 632, 638 (7th Cir. 2004). See also Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999)("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."). In other words, a case may have one operative pleading only; a plaintiff may not add to a complaint in piecemeal fashion. As I have informed other pro se plaintiffs, "parties are not allowed to amend a pleading by simply adding to or subtracting from the original pleading in subsequent filings scattered about the docket. If [plaintiffs] wish to amend their complaint, they must file a proposed amended complaint that will completely replace the original complaint. . . . [T]here can be only one operative complaint in the case." Boriboune v. Berge, No. 04-C-15-C, 2005 WL 256525, *1 (W.D. Wis. Jan. 31, 2005).

The reason for such a rule is plain enough. If the "operative pleading" consists of multiple documents, the scope of the plaintiff's claims becomes unclear and it becomes difficult if not impossible for the defendants to file an answer. To avoid ambiguity, the complaint must be self-contained.

I will give plaintiff an opportunity to amend his complaint one more time so that he may file a single pleading that encompasses *all* of his claims. Before doing so, he should carefully consider whether he has included all of the necessary allegations against every defendant he wishes to sue. The fact that plaintiff has filed five complaints over the span

2

of a month suggests that he has not done this to date. Complaints cannot be a moving target, constantly changing throughout the lawsuit. At some point, plaintiff must determine once and for all what his claims are.

ORDER

IT IS ORDERED that plaintiff Quincy Neri's complaint, dkt. #1, and four amended complaints, dkt. ##4-7, are DISMISSED WITHOUT PREJUDICE to his refiling an amended complaint that encompasses of all of his claims and does not rely on any previous pleadings. Plaintiff may have until August 12, 2011, to file an amended complaint. If he does not respond by that date, the clerk of court is directed to close the case.

Entered this 25th day of July, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge