IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

QUINCY M. NERI,

                                                                                            OPINION and ORDER

                Plaintiff,

                                                                                           11-cv-429-slc[1]

     v.

MELINDA MONROE, STEVE LARSON,
ARCHITECTURAL BUILDING ARTS, INC.,
LESLEY SAGERS, LINDA HUGHES,
FRITZ SCHOMBURG, AMY RADSPINNER,
ERIC FERGUSON,
BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM
and ABC INSURANCE COMPANY,

                Defendants.[2]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Quincy Neri is suing various defendants for copyright and trademark infringement related to a glass sculpture she created. As directed by the court, plaintiff has

---

     [1] I am exercising jurisdiction over this case for the purpose of this order.

     [2] In her most recent amended complaint, plaintiff identified defendant Lesley Sager as Lesley Sager*s* in her caption, even though she used the spelling "Sager" in her previous complaints and in the body of her amended complaint. I am assuming that the spelling "Sagers" is a typographical error because it is inconsistent with plaintiff's other spellings of the name as well as the exhibits attached to plaintiff's amended complaint.

filed an amended complaint that combines the allegations of her previous four complaints. Because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, I must screen her amended complaint to determine whether it states a claim upon which relief may be granted. Having reviewed the amended complaint, I conclude that plaintiff may proceed against defendants Melinda Monroe, Steve Larson, Architectural Buildings Arts, Inc., Lesley Sager, Fritz Schomburg and Eric Ferguson on her claim that they infringed her copyright. However, I am dismissing that claim as to the University of Wisconsin on sovereign immunity grounds and as to defendants Linda Hughes and Amy Radpsinner for plaintiff's failure to allege any facts that they were involved in any acts of infringement. In addition, I am dismissing as to the complaint as to plaintiff's trademark claim because she has failed to identify any aspect of her sculpture that is entitled to trademark protection.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). Plaintiff fairly alleges the following facts in her amended complaint.

ALLEGATIONS OF FACT

Plaintiff is "globally know[n] for [her] exquisite, completely unique glass and artwork." In October 2008, defendant Amy Radspinner, an interior designer, contacted plaintiff about designing a glass piece for the home of a new client, defendant Linda Hughes.

2

After viewing the space, plaintiff proposed an idea to Hughes, which Hughes liked.  Plaintiff hired Frtiz Schomburg to help her with the glass blowing.  Architectural Building Arts, Inc. built a new "barrel rol[l] ceiling" where the piece would be installed.  Defendants Melinda Monroe and Steve Larson are the owners of that company.  Defendant Lesley Sager designed the lighting.

Plaintiff prepared a design, defendant Hughes approved it and plaintiff and defendant Schomburg blew the glass and had it installed, 61 pieces in total.  Plaintiff named the piece "Mendota Reflection."

Plaintiff has a registered copyright and trademark for "Mendota Reflection."  Plaintiff did not sell her design to any of the defendants or give them permission to use it.

In April 2011, plaintiff discovered pictures of "Mendota Reflection" on the websites for defendant Architectural Building Arts, Sager and Schomburg.  Defendant Eric Ferguson took the pictures that are on the Architectural Building Arts website.  Defendant Board of Regents for the University of Wisconsin System, Sager's current employer, approved the use of plaintiff's work on Sager's faculty website.

OPINION

A. Copyright

Under 17 U.S.C. § 102(a)(5), sculptural works may be entitled to copyright

3

protection.  A plaintiff alleging copyright infringement must establish two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist Publications Inc. v. Rural Telephone Servive Co., 499 U.S. 340, 361 (1991).  Material may be protected by copyright if it is an "original wor[k] of authorship fixed in any tangible medium of expression."  17 U.S.C. § 102(a).   "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."  Feist Publications, Inc., 499 U.S. at 345.  Those who do the copying may be held liable as well as those who contribute to infringement. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.").

In this case, plaintiff alleges that she owns a copyright in an original glass sculpture and that several of the defendants have copied it by taking pictures of it and displaying it on their websites without her permission.  These allegations are sufficient to state a claim upon which relief may be granted.

Although the "copies" at issue are photographs rather than glass sculptures, the Court of Appeals for the Seventh Circuit has held that a plaintiff may prove infringement even if the "work is transferred into a different medium."  Atari, Inc. v. North American Philips

Consumer Electronics Corp., 672 F.2d 607, 618 (7th Cir. 1982). "[C]ourts are split on whether photographs of a copyrighted work are properly considered derivative works," FragranceNet.com, Inc. v. FragranceX.com, Inc., 679 F. Supp. 2d 312, 322 (E.D.N.Y. 2010), but the Court of Appeals for the Seventh Circuit has assumed in at least one case that they are. Ty, Inc. v. Publications Intern. Ltd., 292 F.3d 512, 518-19 (7th Cir. 2002). It is premature at this stage to consider whether defendants may have a valid defense, such as fair use, 17 U.S.C. § 107, whether plaintiff is not entitled to copyright protection because the sculpture is a "work made for hire," 17 U.S.C. § 101, or whether some defendants may own a joint copyright in the sculpture for their contributions to it. E.g., Easter Seal Society for Crippled Children and Adults of Louisiana, Inc. v. Playboy Enterprises, 815 F.2d 323, 336 (5th Cir. 1987).

However, plaintiff cannot proceed against all defendants. I must dismiss the complaint as to the University of Wisconsin because it cannot be sued for copyright infringement under principles of sovereign immunity. National Association of Boards of Pharmacy v. Board of Regents of the University System of Georgia, 633 F.3d 1297 (11th Cir. 2011); Chavez v. Arte Publico Press, 204 F.3d 601, 603 (5th Cir. 2000); Lane v. First National Bank of Boston, 871 F.2d 166 (1st Cir. 1989); BV Engineering v. University of California, Los Angeles, 858 F.2d 1394 (9th Cir. 1988). In addition, I am dismissing the complaint as to the copyright claim against defendants Hughes and Radspinner because

5

plaintiff does not include any allegations in her complaint regarding any direct or contributory infringement by those defendants.

## B.  Trademark

Section 43(a) of the Lanham Act creates a federal civil remedy against any person who uses in commerce "any word, term, name, symbol, or device" or "any false designation of origin" if it "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1). Because "'the purpose of a trademark, whether federally registered or unregistered, is to designate the origin of goods, the infringement of such a trademark is actionable under section 43(a).'" TMT North America, Inc. v. Magic Touch GmbH, 124 F.3d 876, 881 (7th Cir. 1997) (quoting W.T. Rogers Co. v. Keene, 778 F.2d 334, 337 (7th Cir. 1985)).

A trademark is a distinctive word, symbol or device used to distinguish a service or product from others. In addition to a word or graphic symbol, a service or product may come to be identified by its shape, color or decor. This type of trademark is called "trade dress" and consists of all the various elements used to promote or identify the service or product. Publications International, LTD. v. Landoll, Inc., 164 F.3d 337, 338 (7th Cir. 1998). Trade

dress serves the same function as a trademark and the law treats it the same way. Id. However, in order to protect a trade dress, the owner must be able to show that her trade dress is distinctive and likely would lead to consumer confusion. Id.; CAE, Inc. v. Clean Air Engineering, Inc., 267 F.3d 660, 673 (7th Cir. 2001).

It is not clear why plaintiff has asserted a claim for trademark infringement. Although she alleges that she has registered a trademark for "Mendota Reflection," she does not allege that any of the defendants have been using that name or that the public associates the phrase with her. Further, to the extent she believes that some other aspect of the sculpture is entitled to trademark protection, she does not identify what makes the sculpture distinct. Accordingly, I must dismiss the complaint as to this claim for plaintiff's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that

1. Plaintiff Quincy Neri is GRANTED leave to proceed on her claim that defendants Melinda Monroe, Steve Larson, Architectural Buildings Arts, Inc., Lesley Sager, Fritz Schomburg and Eric Ferguson infringed her copyright in the glass sculpture "Mendota Reflection."

2. Plaintiff's complaint is DISMISSED as to her claim that defendants Board of

Regents of the University of Wisconsin System, Linda Hughes and Amy Radspinner infringed her copyright. The complaint is DISMISSED as to these three defendants.

    3. Plaintiff's complaint is DISMISSED as to her claim for trademark infringement.

    4. For the remainder of this lawsuit, plaintiff must send defendants a copy of every paper or document that she files with the court. Once plaintiff learns the name of the lawyer that will be representing defendants, she should serve the lawyer directly rather than defendants. The court will disregard documents plaintiff submits that do not show on the court's copy that she has sent a copy to defendants or to defendants' attorney.

    5. Plaintiff should keep a copy of all documents for her own files. If she is unable to use a photocopy machine, she may send out identical handwritten or typed copies of her documents.

    6. I am sending copies of plaintiff's complaint and this order to the United States Marshal for service on defendants Melinda Monroe, Steve Larson, Architectural Buildings Arts, Inc., Lesley Sager, Frtiz Schomburg and Eric Ferguson .

    Entered this 30th day of August, 2011.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge